UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRUS HALL,

      Plaintiff,

vs.

MVG TRUCKING CO., a     CASE NO.:
Domestic Profit Corporation,
and MARVIN GAVINS,
Individually,

      <u>Defendants.</u>

## <u>COMPLAINT & DEMAND FOR JURY TRIAL</u>

Plaintiff, TYRUS HALL, files by and through his undersigned counsel and hereby sues the Defendants, MVG TRUCKING CO., a Domestic Profit Corporation, and MARVIN GAVINS, individually (hereinafter referred to as the "Defendants"), and alleges as follows:

### <u>INTRODUCTION</u>

1. This is an action by the Plaintiff against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Dekalb County, Georgia.

## PARTIES

6. Plaintiff was an hourly paid Dump Truck Operator who worked for Defendants in Dekalb County, Georgia.

8. Plaintiff, TYRUS HALL, worked for Defendants as a Dump Truck Operator from approximately January 20, 2016 through March 13, 2017, in Lithonia, Georgia.

9. Defendant, MVG TRUCKING CO., is a Domestic Profit Corporation which operates and conducts business in Dekalb County, Georgia and is therefore within the jurisdiction of this Court.

10. Defendant, MARVIN GAVINS, is an individual resident of the state of Georgia who, upon information and belief, resides in Lithonia, Dekalb County, Georgia.

## COVERAGE

11. Defendant MVG TRUCKING CO. is a corporation formed and existing under the laws of the State of Georgia, and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

12. Defendant MARVIN GAVINS regularly exercised authority on behalf of MVG TRUCKING CO., a corporation formed and existing under the laws of the State of Georgia, and at all times during

Plaintiff's employment was an employer as defined by 29 U.S.C. §203, et seq.

13. Plaintiff was an employee of Defendants and was at all times relevant to the violations of the FLSA (2014-2017), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

14. At all material times relevant to this action (2014-2017), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. At all material times relevant to this action (2014-2017), the Defendants made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

16. At all material times relevant to this action (2014-2017), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with dump trucks, computers, phones, office furniture, dirt, rock, salt, etc.).

17. At all material times relevant to this action (2014-2017), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. landscaping and other related materials, etc.).

18. At all material times relevant to this action (2014-2017), the Defendants also used heavy machinery, construction and landscaping materials, natural drainage and bio-retention systems, to complete complex projects for commercial use .

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## FACTUAL ALLEGATIONS

20. Plaintiff worked for Defendants in Lithonia, Dekalb County, Georgia.

21. Plaintiff worked as a "Dump Truck Operator" for Defendants and performed related activities (i.e. delivered dirt, rock, and salt, delivered to contractors and completed other related duties for Defendants).

22. Plaintiff worked in this capacity from approximately January 20, 2016 through March 13, 2017.

23. Plaintiff was paid by the job.

24. Plaintiff typically earned between $500 and $1,000 per week.

25. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

26. Plaintiff worked an average of more than fifty-five (55) hours per week.

27. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of no less than time and one half his regular rate of pay for *all* hours worked over forty (40) in a workweek.

28. It appears that Defendants classified Plaintiff as an independent contractor.

29. Defendants paid Plaintiff with a tax form 1099.

30. Dump Truck Operators were eligible for overtime provided they worked more than forty (40) hours per week.

31. At all material times during the last three years, Defendant, MVG TRUCKING CO., was an enterprise subject to the FLSA's provision on overtime wages.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS MVG TRUCKING CO.

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above as though fully stated herein.

33. Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required under the law.

34. Additionally, Defendants failed to keep accurate time records as required by the FLSA for Plaintiff.

35. Plaintiff demands trial by jury.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION
## VERSUS MARVIN GAVINS, INDIVIDUALLY.

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

37. Defendant, MARVIN GAVINS, is the Registered Agent, acting manager and sole corporate officer of Defendant, MVG TRUCKING CO.

38. Defendant, MARVIN GAVINS, is a manger who acted with direct control over the work, pay, and job duties of Plaintiff.

39. Defendant, MARVIN GAVINS: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and determined MVG TRUCKING CO.'s overtime policies.

40. As such, Defendant, MARVIN GAVINS, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, TYRUS HALL, demands judgment against Defendants, MVG TRUCKING CO. and MARVIN GAVINS, for

the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants MVG TRUCKING CO., and MARVIN GAVINS.

Plaintiff requests a trial by jury.

Dated this **28th** day of **June**, **2017**.

        Respectfully submitted,

        /s/ Carlos V. Leach
        Carlos V. Leach, Esq.
        Ga. Bar No.:  488443
        E-mail: CLeach@forthepeople.com
        **MORGAN & MORGAN, P.A.**
        191 Peachtree Street, N.E., Suite 4200
        Post Office Box 57007
        Atlanta, Georgia 30343-1007
        Tel:  (404) 965-8811
        Fax:  (404) 965-8812
        *Attorney for Plaintiff*